# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Environmental Safety Consultants, Inc. ) | ASBCA No. 58343 |
| ) | |
| Under Contract No. N62470-95-B-2399 ) | |

APPEARANCE FOR THE APPELLANT:  Mr. Peter C. Nwogu
President

APPEARANCES FOR THE GOVERNMENT:  Ronald J. Borro, Esq.
Navy Chief Trial Attorney
Ellen M. Evans, Esq.
Senior Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE FREEMAN ON APPELLANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Environmental Safety Consultants, Inc. (ESCI) moves for partial summary judgment on its appeal of the contracting officer's deemed denial of its termination for convenience settlement claim under the captioned contract. ESCI contends that there is no genuine issue of material fact that it is entitled to immediate payment of (i) $68,230.50 for "work that was completed and accepted at contract price," and (ii) $199,950.00 for "settled constructive changes, extensive delays and overheads" (mot. at 1-2). The government opposes on the grounds that there is no legal authority under the termination for convenience clause for recovery of "selected **prices** in the last invoice and the last modification issued before the termination" (opp'n at 1). We agree with the government and deny the motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. This appeal arises out of our decision converting the government's termination of the captioned contract (hereinafter "Contract 2399") for default to a termination for the government's convenience. *Environmental Safety Consultants, Inc.*, ASBCA No. 51722, 11-2 BCA ¶ 34,848.[1] We have also addressed, more recently, a jurisdictional issue with respect to the total amount of ESCI's termination settlement claim. *Environmental Safety Consultants, Inc.*, ASBCA No. 58343, slip op. (25 July 2014). Familiarity with these decisions is assumed.

---

[1] All Rule 4 citations refer to the Rule 4 filed in ASBCA No. 51722.

2. Pursuant to paragraph (c) of the FAR 52.249-10, DEFAULT (FIXED-PRICE CONSTRUCTION) (APR 1984) clause of the contract, and as a result of our decision sustaining the appeal from the default termination, "the rights and obligations of the parties will be the same as if the termination had been issued for the convenience of the Government" (R4, tab 1 at 69).

3. The FAR 52.249-2, TERMINATION FOR CONVENIENCE OF THE GOVERNMENT (FIXED-PRICE) (APR 1984)–ALTERNATE I clause in Contract 2399 states in pertinent part:

> (d) After termination, the Contractor shall submit a final termination settlement proposal to the Contracting Officer in the form and with the certification prescribed by the Contracting Officer....
>
> (e) Subject to paragraph (d) above, the Contractor and the Contracting Officer may agree upon the whole or any part of the amount to be paid because of the termination.... However, the agreed amount, whether under this paragraph (e) or paragraph (f) below, exclusive of costs shown in subparagraph (f)(3) below, may not exceed the total contract price as reduced by (1) the amount of payments previously made and (2) the contract price of work not terminated....
>
> (f) If the Contractor and Contracting Officer fail to agree on the amount to be paid the Contractor because of the termination of work, the Contracting Officer shall pay the Contractor the amounts determined as follows, but without duplication of any amounts agreed upon under paragraph (e) above:
>
> (1) For work performed before the effective date of termination, the total (without duplication of any items) of –
>
> (i) The cost of this work;
>
> (ii) The cost of settling and paying termination settlement proposals under terminated subcontracts that are properly chargeable to the terminated portion of the contract, if not included in subdivision (i) above; and

2

(iii) A sum, as profit on (i) above, determined by the Contracting Officer under 49.202 of the Federal Acquisition Regulation, in effect on the date of this contract, to be fair and reasonable; however, if it appears that the Contractor would have sustained a loss on the entire contract had it been completed, the Contracting Officer shall allow no profit under this subdivision (iii) and shall reduce the settlement to reflect the indicated rate of loss.

4. On 5 July 2012, ESCI submitted its termination settlement proposal to the contracting officer for a "net proposed settlement" of $1,183,366.59. On 14 September 2012, it submitted that proposal to the contracting officer as a certified claim under the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109 (app. supp. R4, vol. I, tab 3 at 1-4, tab 5 at 1-2). The contracting officer refused to either negotiate a settlement or issue a final decision on the termination settlement claim (answer ¶ 8). On 29 September 2012, ESCI appealed the deemed denial of the claim. The appeal was docketed as ASBCA No. 58343.

5. ESCI's motion for partial summary judgment on its termination settlement claim has two parts. First, it claims that:

> [T]here are no genuine issues of material fact as to whether appellant is entitled to payment of the amount of $68,230.50. This amount represents the compensation for completed, verified and accepted work at contract price before government's termination on June 12, 1998. This amount for payment is presented in **Table 1.0** – Compensation for completed, verified and accepted by the Government on June 24, 1997....

(Mot. at 1)

6. Table 1 is a listing of the progress payment estimates in Invoice No. 7 for some, but not all, of the items of work, required to perform Bid Item 0001A (mot. at 20-23; R4, tab 14 at 3-16).[2] Bid Item 0001A was a $358,754 lump sum fixed-price

---

[2] Invoice No. 7 for a total progress payment of $138,506.50 was returned to ESCI unpaid by the contracting officer in June 1997 on the ground that it contained an "invalid" certification. ESCI did not thereafter submit a timely CDA claim for payment of the invoice. *See Environmental Safety Consultants, Inc.,* ASBCA No. 58847, 14-1 BCA ¶ 35,510, and ASBCA No. 54615, 07-1 BCA ¶ 33,483 at 165,984.

3

item for "the entire work, complete in accordance with the drawings and specifications, but excluding work described in Bid Items 0001B, 0001C, 0001D, 0001E and 0001F." As of the date the contract was terminated (12 June 1998), Bid Item 0001A had not been completed. The work items in Table 1 of ESCI's motion were part of the Bid Item 0001A work, but none of those items were separately priced in the contract Schedule. (R4, tab 1 at 16, 29-30)

7. The progress payment estimates for the work items in Invoice No. 7 and in Table 1 of ESCI's motion are not based on the actual incurred costs of performing the work item. They are based on portions of the Bid Item price assigned to the work item by the contractor after award of the contract pursuant to paragraph (b) of the FAR 52.232-5, PAYMENTS UNDER FIXED-PRICE CONSTRUCTION CONTRACTS (APR 1989) clause of the contract. (R4, tab 1 at 68, 70) Paragraph (b) states in pertinent part:

> The Government shall make progress payments monthly as the work proceeds, or at more frequent intervals as determined by the Contracting Officer, on estimates of work accomplished.... The Contractor shall furnish a breakdown of the total contract price showing the amount included therein for each principal category of the work, which shall substantiate the payment amount requested in order to provide a basis for determining progress payments.

(R4, tab 1 at 70)

8. Progress payments under paragraph (b) are not final payments accepting the work for which they are paid. The FAR 52.232-27, PROMPT PAYMENT FOR CONSTRUCTION CONTRACTS (MAR 1994) clause of Contract 2399 makes a clear distinction in this regard between progress payments and final payments as follows:

> Notwithstanding any other payment terms in this contract, the Government will make invoice payments and contract financing payments under the terms and conditions specified in this clause....
>
> (a) *Invoice Payments.* (1) For purposes of this clause, there are several types of invoice payments which may occur under this contract, as follows:
>
> (i) Progress payments, if provided for elsewhere in this contract, based on Contracting Officer approval of the

4

estimated amount and value of work or services performed, including payments for reaching milestones in any project:

....

(ii) Final payments based on completion and acceptance of all work and presentation of release of all claims against the Government arising by virtue of the contract, and payments for partial deliveries that have been accepted by the Government (e.g., each separate building, public work, or other division of the contract for which the price is stated separately in the contract)....

(R4, tab 1 at 79)

9. The second part of ESCI's motion for partial summary judgment is a claim that: "Appellant is entitled to payment of $199,301, arising from the settlement agreement of equitable adjustment through contract modification of June 23/24, 1997 presented in Table 2" (mot. at 2). The contract modification to which ESCI refers is bilateral Modification No. P00006, signed by Peter Nwogu on 23 June 1997 for ESCI and by the contracting officer on 24 June 1997 for the government. Modification No. P00006 provided for various additions and deletions to the specified work. The additional work items included among others:

j. Subcontract all remaining work, including supervision, quality control, and punchlist items.

k. Provide additional overhead costs incurred due to subcontracting.

....

n. Provide extended overhead for the Government delays under this contract.

(R4, tab 2 at 11-12)

10. Modification No. P00006 concluded with a summary of the agreed price adjustment and contract completion date for the additions and deletions of work and a general release as follows:

| 2. TOTAL AMOUNT OF ADDITIONAL WORK | $199,301.00 |
|---|---|
| TOTAL AMOUNT OF CREDITS | $199,192.00 |

5

The total contract price is increased by $109.00 from $561,764.25 to $561,873.25.

The contract completion date is extended by 308 calendar days from August 26, 1996, to June 30, 1997.

The foregoing is agreed to as constituting full and equitable adjustment and compensation (both time and money) attributable to the facts of [sic] circumstances giving rise to the change directed hereby, including, but not limited to, any changes, differing site conditions, suspensions, delays, rescheduling, accelerations, impact, or other causes as may be associated therewith.

(R4, tab 2 at 12)

## DECISION

ESCI's termination settlement claim, including the two items in its motion for partial summary judgment, is based on its prices for the terminated work and not its incurred cost. As such, it is a claim for breach of contract damages (a disappointed expectancy in not receiving the full contract price). But there has been no breach. The parties agreed in Contract 2399 that if the contract was terminated for default and if the contractor was subsequently determined not to have been in default, "the rights and obligations of the parties will be the same as if the termination had been issued for the convenience of the Government" (*see* SOF ¶ 2).

It is not disputed that Bid Item 0001A was not completed when the contract was terminated and accordingly the lump sum fixed-price for that item was not due (*see* SOF ¶ 6). It is not disputed that the individual work items in Bid Item 0001A, agreed to by the parties for purposes of progress payments, were not separately priced items in the contract Schedule, and were accordingly part of the terminated work (*id.*). In these circumstances, and since the parties did not conclude a termination settlement amount agreement (*see* SOF ¶ 4), paragraph (f)(1) of the Termination for Convenience clause of the contract provided for the contracting officer to determine the settlement amount on the basis of the cost of the terminated work up to the time it was terminated and a reasonable profit on that cost. The clause did not provide for determination of a settlement amount on the basis of a portion of the contract price of the terminated work derived from the progress payment estimates (*see* SOF ¶ 3). Accordingly, we find no basis for including ESCI's claim for $68,230.50 of progress payment estimates in Table 1 as actual incurred costs in the termination settlement determination.

6

We also find no basis in the Termination for Convenience clause for including the agreed increased price of $199,301 in Modification No. P00006 for changes and delays in the work, as an incurred cost of the terminated work. The agreed price in bilateral Modification No. P00006 of $199,301 for government-responsible changes and delays in the work was offset in the same modification by an agreed amount of $199,192 for price credits due the government for deleted items of work. The net increase in price agreed by the parties in Modification No. P00006 was $109 (*see* SOF ¶ 10). However, the increased price of $109 is no proof by itself of the amount of any cost incurred by ESCI.

The motion for partial summary judgment is denied.

Dated: 13 August 2014

MONROE E. FREEMAN, JR.
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

7

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58343, Appeal of Environmental Safety Consultants, Inc., rendered in conformance with the Board's Charter.

Dated:

<div style="margin-left:55%">

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

</div>